UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Michael J. Kinney,

        Petitioner,

vs.                        Case No.  5:10-cv-133-Oc-29GRJ

Tamyra Jarvis,

        Respondent.

_____

**<u>ORDER OF DISMISSAL</u>**

**I.**

This matter comes before the Court upon initial review of the file.  Petitioner, who is in the custody of the Bureau of Prisons (BOP) and currently confined at FCC Coleman-Low, initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #1, Petition) on April 9, 2010.  Petitioner challenges the Bureau of Prisons' decision denying Petitioner's request for extended confinement to a halfway house and home detention pursuant to the Second Chance Act.  Petition at 4.  Pursuant to the Court's Order (Doc. #3), Respondent, in response to the Petition, filed a Motion to Dismiss the Petition for Writ of Habeas Corpus(Doc. #4, "Response").  Respondent submits exhibits in support of the Response (Docs. #4-1, Exhs. 1 and 2).  In Reply, Petitioner filed a "Response to the Governments Reply to Writ of Habeas Corpus 2241" (Doc. #7, Reply).  This matter is ripe for review.

**II.**

On September 25, 2006, Petitioner was convicted and sentenced to seventy (70) months' imprisonment by the Tampa Division of this Court, after pleading guilty to conspiracy to distribute 5 kilos or more of cocaine.  Petition at 3.  Petitioner anticipates that May 11, 2011 will be his current release date from confinement. Petition at 14.[1]   Pursuant to the Second Chance Act, Petitioner submitted a request to the BOP to permit him to spend the last twelve months of his incarceration divided between a halfway house and home confinement.  See generally id.  In support of his request, Petitioner states that he is "a chronic care inmate" who suffers from kidney failure.  Id. at 6.  Additionally, Petitioner explains that his five-year old son is currently a dependent of the State due to the mother abusing drugs and alcohol, which resulted in her losing her custody rights.  Id.  Further, Petitioner cites to his mother's disability.  Id.  The BOP denied Petitioner's request for a twelve-month placement in a half-way house, instead granting him a five-month placement.  Id.

Petitioner contends that the BOP, in denying his twelve-month request, "failed to conduct an individualized examination of [Petitioner's] need for an extended period in the halfway house." Id. at 5.  Petitioner argues that the BOP categorically denies

---

[1]Respondent states that Petitioner's projected release date, based upon "earned and anticipated good time credits for good behavior," is October 21, 2011.  Response (Doc. #4) at 1.

inmates extended release, citing to a lack of financial resources to implement the Act. Id. Petitioner contends that "through BOP incompetence or intransigence" his efforts to avail himself of the administrative process have been frustrated. Id. Petitioner further claims that any efforts at exhaustion now would be "futile" because by the time he exhausts his remedies, his Petition would be moot. Id. As relief, Petitioner requests that the Court direct the BOP to reconsider its decision that "Petitioner requires only five months in the halfway house to prepare and a[d]just for re-entry into the community" and instead permit Petitioner 12 months placement (6 months in a halfway house and 6 months home confinement); or, order Petitioner to be sent home on home confinement for the last 12-18 months of his sentence. Id. at 7.

Respondent seeks dismissal of the instant Petition on the basis that, at the time that Petitioner filed the Petition, he had not exhausted his administrative remedies regarding his placement in a residential reentry center ("RRC," also known as as a half-way house). See generally Response. Respondent points out that the BOP has established a three-step formal Administrative Remedy Program ("ARP"), codified at 28 C.F.R. §§ 542.10, et seq., through which an inmate is required to seek review of issues relating to his confinement. Id. at 2; Affidavit of Caixa Santos, Exh. 1 (Doc. #4-1 at 3). Specifically, if a prisoner cannot resolve his issue informally, then the prisoner should file an administrative remedy

request with the Warden (step 1), then to the Regional Director (step 2), and finally to the Office of General Counsel (step 3). Exh. 1 at 4, ¶3. Respondent points out that Petitioner properly completed an administrative request to the Warden in March, 2010 (step 1), which was denied. Id., ¶6. Petitioner did not submit his appeal to the Regional Director until April 20, 2010 (step 2), after he initiated the instant action. Id. Additionally, Petitioner's appeal to the Regional Director "was rejected for procedural deficiencies." Petitioner resubmitted his appeal to the Regional Director, and his appeal was denied on the merits on May 24, 2010. Id. As of the time of the Respondent's Response, Petitioner had not yet filed his appeal with the Office of General Counsel (step 3). Id. Nonetheless, at the time Petitioner filed this action, he had not yet completed the ARP, with regards to his placement in a RRC. Indeed, Petitioner has only completed step 1 of the ARP.

Petitioner argues that the BOP has created impediments to exhaustion. See generally Reply. In particular, Petitioner argues that, "at times," the BOP "insists on inmates separating grievances" and, "at other times," the BOP "insists on consolidating grievances." Id. at 2.

## III.

The Second Chance Act (the "Act"), codified at 18 U.S.C. §§ 3624(c), directs that the BOP

> shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.   Such conditions may include a community correctional facility.

18 U.S.C. §§ 3624(c)(1).  The Act requires that placement in a RRC be determined in a manner consistent with Title 18 § 3621(b), but also be evaluated on "an individual basis" and be "of sufficient duration" to enable the prisoner a "successful reintegration into the community."  <u>Id.</u> (c)(6).

As a preliminary matter, the Court finds Petitioner is challenging the execution of his sentence; thus, a writ of habeas corpus pursuant to § 2241 is an appropriate legal vehicle to challenge the BOP's decision to deny Petitioner's request for extended placement in a RRC.  <u>See</u> <u>Bishop v. Reno</u>, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000).  It is undisputed that, at the time Petitioner filed the instant Petition, he had not exhausted his administrative remedies with regards to his extended placement in a RRC.

Although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a writ of habeas corpus pursuant to § 2241, the Eleventh Circuit has

nonetheless held that exhaustion is jurisdictional. <u>Winck v. England</u>, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing <u>Gonzalez v. United States</u>, 959 F.2d 211, 212 (11th Cir. 1992)); <u>Boz v. United States</u>, 248 F.3d 1299, 1300 (11th Cir. 2001); <u>United States v. Lucas</u>, 898 F.2d 1554, 1556 (11th Cir. 1990). Although the Eleventh Circuit has not addressed exhaustion in the context of the Second Chance Act, the Eleventh Circuit has nonetheless held in the foregoing cases that exhaustion is a jurisdictional prerequisite to consideration of a § 2241 petition. <u>Id.</u>

Thus, given that administrative exhaustion is a jurisdictional prerequisite to filing a § 2241 petition, "whether [a Petitioner] may even assert a waiver or futility exception to the requirement is questionable." <u>Hicks v. Jordan</u>, 165 Fed. Appx. 797, 799 (11th Cir. 2006) (unpublished)[2] (noting that even if exception to exhaustion were available, correspondence with BOP official and official's representation that BOP could not grant the requested relief did not demonstrate that exhaustion should be excused). <u>See also</u> <u>Rey v. Warden FCC Coleman-Low</u>, 359 Fed. Appx. 88, 90-91 (11th Cir. 2009) (unpublished)(rejecting futility of exhaustion due to fact that "exhaustion is mandatory" in § 2241 claim). Therefore, the Court declines to judicially waive the exhaustion of Petitioner's administrative remedies. Consequently, the Court

---

[2] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent, but may be cited as persuasive authority. 11th Cir. R. 36-2.

dismisses the Petition, without prejudice, based upon Petitioner's failure to exhaust his administrative remedies.[3]

ACCORDINGLY, it is hereby

**ORDERED and ADJUDGED:**

1.    The Petition (Doc. #1) is **DISMISSED without prejudice**.

2.    Petitioner's Motion for Notice and Order of Hearing or Status (Doc. #8) is **DENIED as moot.**

3.    The **Clerk** is directed to enter judgment dismissing this case without prejudice, send Petitioner a blank petition for writ

---

[3]Petitioner filed a Motion for Notice and Order of Hearing or Status (Doc. #8, Motion) on August 27, 2010. Petitioner asserts that on June 1, 2010, he filed an appeal of the Regional Director's denial. On July 22, 2010, the Central Office requested an extension until August 13, 2010. Motion at 6. It appears that as of the date of the Motion, Petitioner had not yet received a response to Petitioner's appeal. Petitioner asks that the Court consider the exhibits evidencing these subsequent events, which are attached to his Motion, as additional evidence in support of his futility argument. Id. at 2.

Even if the Court agrees that futility may excuse Petitioner from exhausting his administrative remedies, Petitioner cannot meet the narrow grounds to demonstrate futility in this case. In particular, Petitioner cannot show irreparable harm since his projected release date by the BOP is in excess of one-year, and it appears that Petitioner will have obtained a final response to his appeal to the Central Office in the not-so-distant future. Consequently, the Court will not consider this additional evidence attached to Petitioner's Motion. Nonetheless, because the Court is dismissing this Petition without prejudice, if Petitioner has received a denial to his appeal, he immediately may file a new habeas action with the Court. If, however, Petitioner has not received a response to his appeal, he may file a petition for writ of mandamus seeking an order compelling the BOP to provide him a timely response to his appeal in order that he may seek further review of the BOP's final decision, if necessary.

of habeas corpus pursuant to 28 U.S.C. § 2241 form for Petitioner's future use, if applicable, and close the file.

    **DONE AND ORDERED** in Fort Myers, Florida, on this __27th__ day of September, 2010.

                                         _____
                                         JOHN E. STEELE
                                         United States District Judge

SA: hmk
Copies: All Parties of Record